IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES MORRIS,**

        **Plaintiff,**

    **v.**                            CASE NO. 09-3240-SAC

**JOSIE BOLGREEN,**
**et al.,**

        **Defendants.**

### O R D E R

Before the court is a pro se "civil complaint" submitted for filing pursuant to 42 U.S.C. § 1983 without prepayment of the district court filing fee by a prisoner incarcerated in the Johnson County Detention Center, Wichita, Kansas. The court grants plaintiff provisional leave to proceed in forma pauperis in this matter, subject to plaintiff's timely submission of the following:

- ✔ Plaintiff must submit his complaint on a court approved form. D.Kan.Rule 9.1(a).

- ✔ Plaintiff must satisfy the filing fee in one of two ways: (1) by submitting the $350.00 district court filing fee for a civil rights complaint or the $5.00 fee for a habeas corpus petition, OR (2) by submitting a motion for leave to proceed in forma pauperis on a court approved form, D.Kan.Rule 9.1(g), that is supported by a certified accounting of plaintiff's inmate account for the six month period immediately preceding the filing of his complaint, 28 U.S.C. § 1915(a)(2).

The failure to comply with these requirements in a timely

manner may result in the complaint being dismissed without prejudice and without further prior notice to plaintiff.

Plaintiff is reminded that all pleadings submitted to the court must contain plaintiff's original signature, D.Kan. Rule 5.1(b), and that plaintiff is under a continuing duty to notify the court in writing of any change in his address, D.Kan. 5.1(c).

Plaintiff's request for relief is that this court insure he receive "a fair and impartial probation violation hearing." He asks the court to issue an order detailing how evidence in his hearing is to be presented to avoid tainted evidence. He alleges in his "complaint" that he has been accused of violating conditions of "the community program" because on October 5, 2009, he was charged with "being unaccountable for over two hours" after leaving for work at Staffmark. He claims Staffmark breached their "agreement of full-time employment" in violation of his right to work. He also claims the defendants need to be investigated "regardless of the perceived merits" of this case for unspecified attempts to obstruct justice. He also mentions "misleading conduct", perjury and cover-up with no facts in support.

The court forewarns plaintiff that if he is seeking to have this court review a state probation violation hearing that has already occurred, or issue an order regarding a hearing that is to occur in the future, he must raise all claims challenging a state probation hearing or probation revocation at the hearing and in the appropriate state courts before he may seek relief in federal court. Furthermore, a challenge to a state probation violation or hearing is more appropriately filed in a petition for writ of habeas corpus. Mr. Morris is being sent forms for both types of actions, and must

read the directions carefully and decide what type of action he actually intends to file in this court.

**IT IS THEREFORE ORDERED** that plaintiff is granted provisional leave to proceed in forma pauperis, subject to plaintiff's submission within twenty (20) days of the necessary document(s) identified by the court, and plaintiff's satisfaction within the same twenty (20) days of the filing fee prerequisite.

The clerk's office is to provide plaintiff with court-approved forms for filing under 42 U.S.C. § 1983, and 28 U.S.C. § 2254, and 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 16th day of November, 2009 at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge